UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE MAXIM, )<br>           Plaintiff, )<br>vs. )<br>FP HOLDINGS, LP, d/b/a PALMS CASINO )<br>RESORT, and FCH1, LLC, d/b/a PALMS )<br>CASINO RESORT, )<br>           Defendant. )<br>_____) | Case No. 2:13-cv-00415-GMN-GWF<br><br>**ORDER**<br><br>**Plaintiff's Motion for Sanctions for Spoliation of Video Surveillance Evidence - #25** |

This matter is before the Court on Plaintiff's Motion for Sanctions for Spoliation of Video Surveillance Evidence (#25), filed on November 25, 2013. Defendant filed its Opposition to Plaintiff's Motion for Sanctions (#27) on December 12, 2013. Plaintiff filed her Reply to Defendant's Opposition (#28) on December 17, 2013. The Court conducted a hearing in this matter on December 30, 2013. At the conclusion of the hearing, the Court granted Plaintiff's motion for sanctions. The Court hereby sets forth the basis and scope of its order.

**BACKGROUND AND DISCUSSION**

On October 25, 2011, Plaintiff Arlene Maxim slipped and fell on a liquid substance on the floor in the area near to the "Nove Podium" in Defendant's Palms Casino Resort. A surveillance camera was located in the area where the accident occurred and a video recording showing Plaintiff's fall and its aftermath was obtained and preserved by the Defendant's personnel. The preserved video, however, only depicted the events from approximately 10 seconds before Plaintiff's slip and fall accident until she was removed from the area by emergency medical technicians. It is undisputed that the Defendant generally erases surveillance video recordings

after 10 days, unless they are specifically ordered to be preserved. Defendant's employees did not preserve video of the area where Plaintiff fell prior to 10 seconds before the accident because they were allegedly unaware that such evidence could be relevant to determining liability for the accident. Defendant's personnel responsible for investigating the accident also did not identify or obtain statements from employees who were or may have been in the area prior to the accident and may have had knowledge as to how or when the liquid came to be present on the floor.

Plaintiff's counsel sent a letter to Defendant on or about November 7, 2011 requesting that it "preserve any recorded data which may be relevant to this matter including, but not limited to, video surveillance of the area where Ms. Maxim was injured." *Motion (#25), Exhibit 9.* By the time that letter was received by Defendant, however, any surveillance video of the area prior to 10 seconds before the Plaintiff fell had already been erased.

As stated in *LaJocies v. City of North Las Vegas*, 2011 WL 1630331, *1 (D.Nev. 2011):

> Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002). The applicable standard of proof in the Ninth Circuit appears to be by a preponderance of the evidence. *Hammann v. 800 Ideas, Inc.,* 2010 WL 4943991, 7 (D.Nev. 2010) citing *In re Napster, Inc. Copyright Litigation,* 462 F.Supp.2d 1060, 1072 (N.D.Cal. 2006). A party has a duty to preserve evidence when it knows or has reason to know that the evidence is 'potentially relevant' to litigation. *Id.* A party engages in spoliation "as a matter of law only if they had some notice that the documents were 'potentially relevant' to the litigation before they were destroyed. *Akiona v. United States,* 938 F.2d 158, 161 (9th Cir. 1991). A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002). The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation. *In re Napster,* 462 F.Supp.2d at 1067 (duty to preserve begins when a party should have known that the evidence may be relevant to future litigation).

Where potentially relevant evidence is lost or destroyed prior to the commencement of litigation or the service of a discovery request under the Federal Rules of Civil Procedure, the court may sanction the party responsible for the destruction of the evidence pursuant to its inherent authority. *LaJocies, supra*, at *2, citing *Leon v. IDX Systems Corp.,* 464 F.3d 951, 958 (9th Cir.

2006). The court may impose a range of sanctions for spoliation of evidence depending on the culpability of the party responsible for its destruction and the prejudice caused to the opposing party. Such sanctions may include the giving of an adverse inference jury instruction, precluding the party from introducing evidence at trial, or in the most severe case granting the sanction of dismissal or default. *LaJocies* further states:

> [A] finding of bad faith is not a prerequisite for an adverse inference. *Glover,* 6 F.3d at 1329. However, although a party's destruction of evidence need not be in bad faith in order for the court to impose sanctions, the party's motive or degree of willfulness or fault is relevant to the severity of the sanction to be imposed. *Advantacare Health Partners, supra,* citing *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993); *Akiona v. United States,* 938 F.2d 158, 161 (9th Cir. 1991), *cert. denied* 503 U.S. 962, 112 S.Ct. 1567, 118 L.Ed.2d 212 (1992); *Baliotis v. McNeil,* 870 F.Supp. 1285, 1291 (M.D.Pa. 1994). Generally, the court should choose the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim. *Id.* A district court's adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence. *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 386–87 (9th Cir. 2010).

2011 WL 1630331, at *4.

Turning to the conduct of Defendant and its employees in this case, the Court begins with the general duty owed by Defendant to its patrons. *FGA, Inc. v. Giglio*, 128 Nev. Adv. Op. 26, 278 P.3d 490, 496 (2012) states in this regard as follows:

> [A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use. *Sprague v. Lucky Stores, Inc.,* 109 Nev. 247, 250, 849 P.2d 320, 322 (1993). Where a foreign substance causing a slip and fall is made to be on the floor by the business owner or one of its agents, then "liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Id.* Traditionally, where a foreign substance causing a slip and fall results from "the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it."

*Id.* at 250, 849 P.2d at 322–23.

Defendant's security officers or other employees who are charged with investigating accidents that occur on its premises should be instructed and should know that it is important to obtain and preserve evidence in Defendant's possession, custody or control that may reasonably show how, when and by whom a foreign substance came to be present on the floor of its premises.

3

Defendant's employees' failure to preserve all video recordings of the area where Plaintiff fell for a reasonable period of time prior to the accident is at minimum negligent, if not grossly negligent. There is no evidence, however, that Defendant or its employees intentionally destroyed surveillance video that they knew was favorable to Plaintiff's potential negligence claim arising out of the accident.

The Court therefore concludes that the appropriate sanction in this case is to instruct the jury that they may infer, but are not required to find, that the surveillance video of the location where Plaintiff fell would have been favorable to the Plaintiff on the issue of Defendant's negligence by showing that Defendant had actual or constructive notice of the presence of the liquid prior to the accident. The parties should submit appropriate proposed jury instructions regarding the adverse inference prior to trial.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions for Spoliation of Video Surveillance Evidence (#25) is **granted** in accordance with the provisions of this order.

DATED this 2nd day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge